IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

RECEIVED
MAY 2 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

ARDYS AKERS )
)
        Plaintiff, )
)
vs. )
)
UNITED STATES OF AMERICA and )
JOHN DOES I-II, )
)
        Defendants. )
)
)

Case No: 3:06-CV-00122 RRB

## COMPLAINT

COMES NOW the Plaintiff Ardys Akers by and through her undersigned attorney and hereby complains and alleges as follows:

1. The Plaintiff Ardys Akers is a resident of the State of Alaska.

2. The Defendant John Doe I is a general contractor responsible for the installation of sidewalk at the Alaska Native Medical Center, 4315 Diplomacy Dr, Anchorage, Alaska. The Defendant John Doe II is a subcontractor who was also responsible for the installation of sidewalk at the Alaska Native Medical Center, 4315 Diplomacy Dr, Anchorage, Alaska (hereinafter referred to as "ANMC").

3. All actionable events took place in Anchorage, Alaska.

### FACTS

4. On or about the 25th day of June, 2004, Ardys Akers went to ANMC for medical treatment. She disembarked from her public conveyance and started walking towards the clinic when her foot caught on the edge of an uneven sidewalk surface directly in front

KEENAN POWELL
Attorney At Law
3700 Jewel Lake Rd
Anchorage, Alaska 99502
(907)258-7663 FAX (907)245-0854

Akers v USA, A-
Complaint Page 1

of the clinic. She fell, breaking her wrist on the hard pavement.

5. A Standard Form 95 was sent to the Department of Health and Human Services, Washington DC timely. It was received. More than six months has passed since it was received without a grant or denial of the claim.

### FIRST CAUSE OF ACTION
### PREMISES LIABILITY

6. Plaintiff affirms and adopts the foregoing and further complains and alleges:

7. ANMC had a duty to use due care to guard against unreasonable risks created by dangerous conditions existing on their property. ANMC breached its duty by:

   a. Failing to inspect the pavement walkways, paths, entrances and approaches to its building.

   b. Failed to maintain and to remedy, prevent or repair dangerous defects and hazardous conditions of its walkways, paths, entrances and approaches.

   c. Failed to construct and maintain reasonable safety improvements on or around its walkways, paths, entrances and approaches, to ensure the safety of pedestrians entering and exiting the building.

8. ANMC's breaches of its duty were the actual and proximate cause of Adrys Akers' injuries and damages.

9. Wherefor Ardys Akers prays for money judgment against the United States of America for general and special damages including medical treatment and lost wages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### NEGLIGENCE

10. Plaintiff affirms and adopts the foregoing and further complains and alleges:

11. The Defendant John Doe I and John Doe II breached their duty of due care when constructing the dangerous sidewalk and failing to inspect and correct the dangerous condition of the sidewalk

12. The acts and omissions of the Defendants John I and John II were the actual and proximate cause of the Plaintiff's injuries and damages.

13. Wherefor Ardys Akers prays for money judgment against the John Doe I and John Doe II for general and special damages including medical treatment and lost wages in an amount to be proven at trial

WHEREFOR the Plaintiff prays:

1. For money judgment against the United States of America in an amount to be proven at trial for special and general damages ;

2. For money judgment against John Doe I and John Doe II in an amount to be proven at trial in excess of $ 50,000 for punitive damages;

3. For costs and attorneys fees;

4. For such other relief as the court as the court deems just and equitable under the circumstances.

DATED this 24 day of May 2006.

Keenan Powell
Attorney for Plaintiff Ardys Akers

Keenan Powell ABA 8306057

Akers v USA, A-
Complaint Page 3